## IN THE UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF TENNESSEE AT CHATTANOOGA

| | | |
|---|---|---|
| ANDREA WHITE, as **Administrator** *ad litem* **of the ESTATE OF CAROL RENE WHITE, deceased,**<br><br>**JAMES CHRISTOPHER WHITE, Individually and as next of kin to CAROL RENE WHITE, deceased,**<br><br>Plaintiff,<br><br>v.<br><br>**HAMILTON COUNTY, TENNESSEE, SHERIFF JIM HAMMOND, QUALITY CORRECTIONAL HEALTHCARE OF TENNESSEE, PLLC, LORI GRAVES, AMIE DURHAM, ERICA WATSON, JOHN DOE CORPORATIONS/ LLC'S, & JOHN DOE and JANE DOES INDIVIDUALS 1-15.**<br><br>Defendants. | * * * * * * * * * * * * * * * * * * * * * * * | Docket No._____<br><br>**JURY DEMAND** |

## COMPLAINT

**COME NOW**, the Plaintiffs, James Christopher White, individually and as next of kin to Carol Rene White, and Andrea White, as the Administrator *ad litem* of the Estate of Carol Rene White, decedent, (hereinafter collectively referred to as "Plaintiffs") by and through counsel of record, Davis & Hoss, P.C., who hereby files this Complaint for damages against multiple Defendants.

The Defendants include Hamilton County, Tennessee, (hereinafter referred to as "Hamilton County"), former Sheriff Jim Hammond, (hereinafter referred to as "Sheriff Hammond"), Quality Correctional Healthcare of Tennessee, PLLC (formerly QCHC of

1

Tennessee, Inc.)(hereinafter referred to as "QCHC"), Lori Graves, NP, Amie Durham, RN, Erica Watson, RN, John Doe Corporations or LLC's who employ these named individuals or any unnamed individuals who provided or were charged with providing medical care, treatment and safety of Carol White in May 2022 at Silverdale, and John and Jane Doe Individuals 1-15 who would include any unknown male and female agents, staff, guards, correctional officers, nurses, doctors or other health care providers of Silverdale or another entity charged with Carol White's medical care, treatment and safety at the time of her detention in May 2022 at Silverdale.

## PRELIMINARY STATEMENT

Plaintiffs bring this lawsuit following the death of Carol Rene White, a 53-year-old citizen of Hamilton County, Tennessee who died while in the care, custody and control of these Defendants on May 16, 2022 at the Silverdale Detention Center (hereinafter referred to as "Silverdale") located in Hamilton County, Tennessee. Carol Rene White was the wife of James and mother of Andrea and Samantha White. Andrea White, at all relevant times, has lawfully petitioned the Hamilton County Chancery Court and has been named administrator *ad litem* of Carol White's Estate.

The Plaintiffs' claims under 42 U.S.C. § 1983, the United States Constitution and the Tennessee Constitution (Counts I and II) arise out of the Defendants' deliberate indifference and failure to provide proper care and medical treatment to Mrs. White in May of 2022 at Silverdale. Mrs. White was suffering from obvious and serious medical conditions known to all Defendants and to the lay persons charged with her care. This failure by the Defendants resulted in serious physical and emotional injuries, pain, suffering and the death of the Decedent and deprived the Decedent of her clearly established rights guaranteed under the United States and Tennessee Constitutions and under the laws of the United States and State of Tennessee.

2

Plaintiffs file this Complaint, as next of kin of Mrs. White, and as the Administrator *ad litem* for the Estate of Carol White in accordance with Tennessee Code Annotated § 20-5-106, Tennessee's wrongful death survival statute (Count VI). Defendants violated White's rights under the Eighth and Fourteenth Amendments of the United States Constitution (Counts I and II) and violated T.C.A. §§ 41-21-201 and 204 (Count IV—Negligence *per se*) when they knowingly and with deliberate indifference to her constitutional rights denied her reasonable medical treatment for serious and obvious medical conditions, which were actually and constructively known by them as well as lay witnesses, thereby causing her extensive physical and emotional pain, suffering and death. All Defendants acted under color of state law and proximately caused the deprivation of Decedent's federally protected and state law rights.

Defendants are also guilty of state law claims including Tennessee Constitutional claims, negligence, negligence *per se*, loss of consortium, and wrongful death under Tennessee law (Counts III through VII) and should be subjected to punitive damages (Count VI) for their intentional, wanton, malicious and reckless conduct.

Plaintiffs seek all damages allowable under the law including attorney fees and costs in this action pursuant to 18 U.S.C. § 1988.

## JURISDICTION & VENUE

1.      This action is brought pursuant to 42 U.S.C. § 1983. Jurisdiction is founded on 28 U.S.C. §§ 1331 and 1343, and the Eighth Amendment to the Constitution of the United States.

2.      This Court has supplemental jurisdiction to adjudicate Plaintiffs' state law claims related to the Plaintiffs' federal claims in this action pursuant to 28 U.S.C. § 1367(a).

3.      Venue is proper in the Eastern District of Tennessee under 28 U.S.C. §1391(b)(2).

3

## PARTIES

4.      Plaintiff Andrea White is a citizen and resident of Chattanooga, Hamilton County, Tennessee.  She is the biological daughter of Carol Rene White. She is also the Administrator *ad litem* of the Estate of Carol Rene White, Deceased, Hamilton County Chancery Court, Docket No. 22-P-711, filed on July 29, 2022.

5.      James Christopher White is a citizen and resident of Chattanooga, Hamilton County, Tennessee. He is the spouse and next of kin of Carol Rene White.

6.      Defendant Hamilton County, Tennessee, is the governmental entity ultimately responsible for the care, custody, health and well-being of Carol White, the Decedent, while she was a prisoner at Silverdale and at all times relevant to this complaint.  Hamilton County is liable for its own conduct and the acts and omissions of its servants, employees, agents and contractors by virtue of the fact that they acted in conformity with the policies, practices and customs of Hamilton County and pursuant to the doctrines of agency, apparent agency, implied agency, employer/employee relations, joint and several liability, respondeat superior, and vicarious liability.  Further, Hamilton County, Tennessee, had non-delegable constitutional duties to ensure that Decedent was safe from harm, received adequate medical care and that its designated contractor, QCHC and its agents, employees and subcontractors, provided constitutionally adequate medical care to Decedent.

7.      Defendant Sheriff Jim Hammond was at all material times, an agent of Hamilton County, and Sheriff of Hamilton County Sheriff's Office. He was personally responsible for Decedent's care, custody, health and wellbeing.  At all material times, Sheriff Hammond acted under color of state law in the course and scope of his agency and/or employment with Hamilton County, Tennessee, and Hamilton County Sheriff's Office.

4

8.      Defendant QCHC of Tennessee, PLLC, also referred to as "QCHC" is a business operating in the State of Tennessee and Hamilton County.  Upon information and belief, QCHC hires, manages, trains and employs various nurses and/or doctors who provide medical care to inmates at Silverdale.  Like the other Defendants, QCHC had a constitutional duty and was responsible for the care, custody, health and well-being of the Decedent while she was a prisoner at Silverdale and at all times relevant to this complaint.  QCHC is liable for its own conduct and the acts and omissions of its servants, employees, agents and contractors by virtue of the fact that they acted in conformity with the policies, practices and customs of QCHC and Hamilton County and pursuant to the doctrines of *Monell* liability, agency, apparent agency, implied agency, employer/employee relations, joint and several liability, respondeat superior, and vicarious liability.  Further, QCHC which contracts with Hamilton County to provide medical care to inmates at Silverdale, had non-delegable constitutional duties to ensure that Decedent received adequate medical care and that their employees, agents and/or contractors provided constitutionally adequate medical care to Decedent.  QCHC's principal office is located at 1585 Mallory Lane, Brentwood, TN 37027 (originally formed in Alabama).  Their registered agent for service of process is Incorp Services, Inc., 1585 Mallory Lane, Suite 104, Brentwood, Tennessee 37027.

9.      Defendant Lori Graves was, at all material times, an agent of Hamilton County, and QCHC of Tennessee, PLLC as an NP at Silverdale. She was personally responsible for Decedent's care, custody, health and wellbeing.  At all material times, Lori Graves acted under color of state law in the course and scope of her agency and/or employment with QCHC, PLLC.

10.     Defendant Amie Durham was, at all material times, an agent of Hamilton County, and QCHC of Tennessee, PLLC as a nurse at Silverdale. She was personally responsible for

Decedent's care, custody, health and wellbeing. At all material times, Amie Durham acted under color of state law in the course and scope of her agency and/or employment with QCHC, PLLC.

11.     Defendant Erica Watson was, at all material times, an agent of Hamilton County, and QCHC of Tennessee, PLLC as an NP at Silverdale. She was personally responsible for Decedent's care, custody, health and wellbeing. At all material times, Erica Watson acted under color of state law in the course and scope of her agency and/or employment with QCHC, PLLC.

12.     John Doe Corporations/LLC's are those entities, currently unknown to the Plaintiffs, who may have employed any named Defendant or any unnamed individuals who provided or were charged with providing medical care, treatment and safety to Carol White in May 2022 at Silverdale. These unknown entities were at all material times responsible for the supervision, training, care, and maintaining control of Silverdale Pod A4 from May 11, 2022 through May 16, 2022 and acted under color of state law in the course and scope of their employment.

13.     John and Jane Doe Individuals 1-15 are those individuals, currently unknown to the Plaintiffs, who would include any unknown male and unknown female agents, staff, guards, correctional officers, nurses, doctors or other health care providers of Silverdale or another entity charged with Carol White's medical care, treatment and safety at the time of her detention at Silverdale Pod A4 from May 11, 2022 through May 16, 2022 and acted under color of state law in the course and scope of their employment.

14.     Plaintiffs assert that each of the John or Jane Doe Defendants acted at all material times as the agent, servant, employee, supervisor, subsidiary, and/or corporate parent of each of the remaining Defendants including Hamilton County, Tennessee.

15.     Plaintiffs reserve the right to conduct discovery and learn the identities of any unknown John or Jane Doe Defendant and reserves the right to seek leave to amend this Complaint to bring in any entity or individual once their identities are ascertained.

## FACTS

16.     Plaintiffs hereby incorporate, in their entirety, paragraphs 1-15 as contained in this Complaint and by reference makes said Paragraphs a part hereof as if fully set forth herein.

17.     On Wednesday, May 11, 2022, Carol Rene White (DOB: 3/31/1969) was 53 years old and a citizen of Hamilton County, Tennessee.

18.      On May 11, 2022, Hamilton County Criminal Court Judge Tom Greenholtz accepted Mrs. White's guilty plea to a DUI Second offense.

19.     During the plea hearing in open court, Mrs. White expressed her fear about serving her sentence at Silverdale because she needed her daily medication.  She advised that her doctor warned her not to stop taking her medication under any circumstances.  Mrs. White was prescribed Divalproex (Depakote) for seizure prevention, Hydroxyzine for sleep assistance, and Levothyroxine for thyroid issues. Further, Mrs. White had been prescribed Methadone for over ten (10) years and was using methadone daily in compliance with her doctor's orders.

20.     Mrs. White requested Judge Greenholtz to allow her to serve the first 20 days at CADAS to allow her to ween herself off her prescribed Methadone medication.  Judge Greenholtz denied her request finding that State law required her to serve her first twenty-five (25) days at Silverdale before moving to CADAS.  Mrs. White went into custody immediately following her plea.

21.     However, Judge Greenholtz heard Mrs. White's fears.  Judge Greenholtz entered a Custody Order to be delivered to Silverdale via email which clearly required Silverdale to dispense

specific medication to Mrs. White. She was to be administered daily prescription medications as follows: 1) Divalproex 500mg, 2) Hydroxyzine 50mg and 3) Levothyroxine 125mg. *See* Exhibit A, Custody Order. Judge Greenholtz further allowed Mrs. White to bring her prescriptions with her to Silverdale and ordered the court officers to place the medication in an evidence bag and deliver it to Silverdale. *See* Exhibit B, collective photos of medications.

22.     The Custody Order was emailed to Silverdale that day and Mrs. White's bag of medicines was also delivered to Silverdale that day.

23.     At approximately 5:55 p.m. on May 11, 2022, Mrs. White called her Mother-in-law, Donna White from Silverdale. She reported to Donna that she had not yet been booked and had not been seen by a medical provider for her initial evaluation. She further stated that "there wasn't a nurse on duty." Mrs. White was reportedly concerned about potentially not receiving her medication.

24.     Almost twenty-four hours from her plea on May 11th, Mrs. White was booked and processed on May 12th 8:00 a.m. and assigned to Pod A4.

25.     On May 13, 2022, at 1:01 p.m., Mrs. White was seen by Nurse Kayla Swafford for her booking screening. It had been over 48 hours since her plea before Judge Greenholtz. It was noted that Mrs. White had a medical condition that needed to be addressed, that she had mental health conditions that needed to be addressed, and that she had daily prescription medications. In addition, it was noted that Mrs. White had a "contusion."

26.     On May 13, 2022, Silverdale records further note that prescription orders were obtained to continue home medications. Prescription orders were placed in the Silverdale records for Divalproex (Depakote) SOD ER 500 mg tablets, 45 day dispense, no refills, and Levothyroxine

125 mcg tablets, 45 day dispense, no refills prescribed by Lorie Graves, NP. There were no orders for Hydroxyzine as ordered by Judge Greenholtz.

27.     The May 13, 2022 note shows that Silverdale and QCHC refused to administer the medication that Mrs. White physically brought with her to Silverdale in the evidence bag as ordered by Judge Greenholtz.  Further, Silverdale refused to follow the Custody Order for Hydroxyzine and did not order that prescription at all for Mrs. White.  Further, Silverdale did not report back to Judge Greenholtz that they were objecting to his Order or had an issue with his Order.  Rather, Judge Greenholtz's Order was ignored by Silverdale and their staff.

28.     According to Silverdale records, on May 14, 2022, seventy-two (72) hours after Mrs. White's plea, nurse Amie Durham administered one (1) tablet of Divalproex SOD Er 500 mg to Carol White.  The prescribed Levothyroxine 125 mcg was not administered at this time due to being "on order from pharmacy."  Silverdale refused to administer Levothyroxine even though it was physically present in Mrs. White's belongings.

29.     According to Silverdale records, on May 15, 2022, nurse Amie Durham administered one (1) tablet of Divalproex SOD ER 500 mg to Carol White. The prescribed Levothyroxine 125 mcg was not administered at this time due to still being "on order from pharmacy."  Again, Silverdale refused to administer Levothyroxine even though it was physically present in Mrs. White's belongings.

30.     From May 11th until May 16th, 2022, Mrs. White's health became progressively worse.  Upon information and belief, she repeatedly complained to Silverdale employees that she was not feeling well.  Further, in order to be closer to Silverdale employees, inmates within Pod A4 helped Mrs. White move her bedding to the floor beside the office window so that she could continuously knock on the window asking for help from the officers when they were present.

31.     Other inmates describe Mrs. White as complaining of "hearing voices" and begging for her medication to be administered. The overwhelming response from Silverdale employees was an instruction to Mrs. White to "get over it."

32.     Despite the medical records, multiple inmates report that Mrs. White appeared at pill count every day for her medication and did not receive any until May 16, 2022.

33.     According to the medical records, on May 16, 2022, sometime between 6:38 a.m. and 10:33 a.m., Nurse Erica Watson administered one (1) tablet of Divalproex SOD ER 500 mg, and one (1) tablet of Levothyroxine 125mcg to Carol White. May 16, 2022 was the first day Mrs. White apparently received the Levothyroxine.

34.     According to witnesses, May 16, 2022 was the first time Mrs. White received any medication. She took the medication and went back to her bed to lay down.

35.     Approximately two and a half hours later, the inmates noticed that Mrs. White's skin was blue and she was not breathing. Inmates immediately began to call for help and began to give Mrs. White CPR.

36.     Inmates continued to administer CPR for approximately fifteen (15) minutes before any Silverdale employees arrived to help. Further, it took approximately twenty-five (25) to thirty (30) minutes for the ambulance to arrive.

37.     According to Silverdale records, at approximately 4:00 p.m. that day, LPN Kenneth Crider noted that he was called to and arrived at Alpha 4 pod to an unresponsive Carol White.

38.     Nurse Majorie Alfinda also responded to this medical emergency and noted that "upon arrival, CPR already in progress."

10

39.     Nurse Chris Smith administered the AED with no response. A total of seven (7) shocks were delivered, immediately followed by CPR.  Four (4) milligrams Intra-nasal Narcan was administered three (3) times over a ten (10) minute period.

40.     EMS arrived at approximately 4:15 p.m. and intubated Mrs. White, placed her on a stretcher and left for Erlanger Hospital at 4:33 p.m.

41.     Carol White was pronounced dead on arrival at Erlanger Hospital.

42.     Hamilton County Medical Examiner conducted an autopsy of Mrs. White.  The Medical Examiner reported that Mrs. White had a medical history of hypothyroidism, renal disease, drug abuse and tobacco use.

43.     The Medical Examiner concluded that Mrs. White's cause of death was "combined toxicity, methadone and olanzapine."  The autopsy further stated that "olanzapine would have enhanced the effect of the methadone due to the QTc-prolonging effect of both drugs, also by the CAN-depressing effects of both drugs."

44.     Toxicology was performed and found that Mrs. White's blood contained 12 mcl/mL of Valproic Acid, 88 ng/mL of Methadone, and 3.9 ng/mL of olanzapine.  Mrs. White also had minimal levels of THC in her blood.

45.     Upon information and belief, Olanzapine is an antipsychotic medication that can treat severe mental health conditions like schizophrenia and bipolar.  It is also known as Zyprexa and is a prescription drug.  It is not a controlled substance, nor is it a common street drug.  There is no medical record which explains why Mrs. White received Olanzapine from the Defendants or Silverdale staff or why Olanzapine would be in her system at all. Plaintiff asserts that medical personnel at Silverdale administered Zyprexa to Mrs. White in lieu of the prescribed medication she was supposed to receive.

11

46.     The Hamilton County Sheriff's Office investigated the death of Mrs. White and has refused to reveal the source of the fatal prescription medication.  The County has yet to explain to the Plaintiffs how Mrs. White received a prescription for which she was not prescribed. Upon information and belief, Hamilton County has never confiscated olanzapine (Zyprexa) from any inmate as contraband.

47.     In the approximately six (6) days that Mrs. White was in the custody of Hamilton County at Silverdale, Silverdale employees and medical personnel intentionally ignored and violated a court order from the Hamilton County Criminal Court to administer Mrs. White's prescribed medication.

48.     At all times, the Defendants, Silverdale and their staff were on notice that Mrs. White had serious medical conditions that needed prescription medication treatment.

49.      Further, Mrs. White went approximately forty-eight (48) hours before she was ever seen by a medical provider for the mandatory medical assessment.

50.     Inmates report that Mrs. White did not receive any medication until May 16, 2022, at which time she received one dose of two medications.   The medical records provided by Silverdale indicate that Mrs. White received some medication, but not all the medication ordered by Judge Greenholtz and not all the medication that was medically necessary.  Further, the records appear to lack important verification of patient's identity, verification of medication identity, etc. The Plaintiffs assert that the Silverdale records are inherently unreliable.

51.     Mrs. White reported to her family that she was not receiving her medication as prescribed and in violation of Judge Greenholtz's Order. She was noticeably scared of what would happen to her if she did not receive her medication as prescribed.

52.     Mrs. White's death was directly and proximately caused by the inhumane and grossly negligent treatment she received at Silverdale.  The Defendants bear the sole responsibility for her death.

## HISTORY OF MEDICAL NEGLECT AND INHUMANE CONDITIONS AT SILVERDALE

53.     Silverdale has a long history for its failure to provide proper medical care to inmates, its inhumane living conditions, regular inmate on inmate violence making it "one of the most dangerous places in Hamilton County" according to former District Attorney General Neal Pinkston.

54.     In December 2020, Hamilton County and Hamilton County Sheriff's Office took over operations of Silverdale and closed the Hamilton County Jail located in downtown Chattanooga.

55.     The jail population at Silverdale doubled overnight in a facility designed more as a workhouse for non-violent defendants serving misdemeanor sentences.  Silverdale was ill-equipped and not sufficiently staffed to merge the jail populations.  Since the merger, the failure to provide adequate medical care to inmates, failure to care for the safety and well-being of inmates, and the inhumane living conditions have led to multiple lawsuits being filed against Hamilton County and QCHC, among others.[1]

56.     These conditions have also led the Federal Judiciary to remove all federal inmates from Silverdale in 2020.

---

[1] *Moore v. Hamilton County, et. al.*, 1:23-cv-00007; *Brown v. Hamilton County, et. al.*, 1:23-cv-00045; *Jackson v. Hamilton County, et. al.*, 1:23-cv-00046; *Cornett v. Hamilton County, et. al.*, 1:23-cv-00053; *Miller v. Hamilton County, et. al.*, 1:23-cv-00086; *Ellis v. Hamilton County, et. al.*, 1:23-cv-00099; *Franklin v. Hamilton County, et. al.*, 1:23-cv-00100; *Holt v. Hamilton County, et. al.*, 1:23-cv-00061.

13

57. The County has notice of and is aware that in June 2021, an inmate named Donyell DeWayne Holland was beaten by other inmates at Silverdale and was badly injured. Mr. Holland was denied medical care and left on the cell floor for three (3) days. Once a nurse finally tried to administer treatment to him, she was threatened by corrections officers at Silverdale. Mr. Holland has filed a lawsuit, which is still pending in the Eastern District of Tennessee. *Holland v. Booth, et al.*, No. 1:21-cv-00166.

58. The County has notice of and was aware that in September 2021, Silverdale failed an inspection conducted by the Tennessee Corrections Institute with the inspection listing overcrowding, multiple surveillance cameras in need of repair, and an HVAC in need of repair.

59. The County has notice of and is aware that in April 2022, Brandon Cornett, a male inmate died while in custody at Silverdale. His wife spent weeks leading up to his death calling the facility, trying to get his medications to him and was assured medical staff at Silverdale were "handling it." On April 24, 2022, Mr. Cornett was so sick that he was put on the "provider list" to be seen by a doctor the following day. On April 25, 2022, before he could be seen by a doctor, Mr. Cornett died. His next of kin has filed a lawsuit against Hamilton County and others, which is still pending in the Eastern District of Tennessee. *Cornett v. Hamilton County, et. al.*, 1:23-cv-053.

60. The County has notice of and is aware that in May of 2022, the same month during which Mrs. White was an inmate, Silverdale failed a health inspection. Inspectors found rat droppings in the food storage area, no sanitizer present in washing buckets, and walls, floors and ceilings that were in hazardous condition.

61. The County has notice of and is aware that ten (10) days after Mrs. White died, another inmate at Silverdale died. DaQuarrius "Jay" Brown, an HIV-positive inmate was denied

his HIV medication for two months while he was housed at Silverdale. Without his life-saving HIV medication, Mr. Brown's health continued to get worse. Inmates in his cell would stage fights just to get the nurses' attention. Like Mrs. White, Mr. Brown regularly begged the Silverdale staff to administer his medication, yet they refused. By the time he was brought to Erlanger hospital in March 2022, his HIV had rapidly progressed causing him to develop pneumonia and sepsis. Mr. Brown spent two months fighting for his life and later died. His family has filed a lawsuit against Hamilton County and others. *Brown v. Hamilton County, et al.*, 1:23-cv-00045.

62.     The County has notice of and is aware that on June 12, 2022, an inmate at Silverdale died after being taken to the hospital for a bleeding ulcer.

63.     The County has notice of and is aware that on July 23, 2022, four inmates escaped Silverdale. It took guards almost four (4) hours to notice they were missing.

64.     The County has notice of and is aware that on October 16, 2022, Abraham Jackson, Jr., an inmate at Silverdale, died seven months into serving his sentence at Silverdale. He suffered from numerous infections brought on by malnutrition. Inmates told Mr. Jackson's family that he blacked out on three different occasions, but nurses still would not see or treat him. His family has filed a lawsuit against Hamilton County and others. *Jackson v. Hamilton County, et al.*, 1:23-cv-00046.

65.     The County has notice of and is aware that on December 20, 2022, Marvin Johnston, Jr., an inmate at Silverdale, was found dead in his cell. His cause of death was listed as a fentanyl overdose.

66.     Despite their knowledge of multiple documented instances of medical neglect, inhumane living conditions, most of which have occurred in the last two years, the Defendants have taken no action to prevent further deprivations of civil rights at Silverdale.

## COUNT I

## FEDERAL CONSTITUTIONAL CLAIMS UNDER THE 8th & 14th AMENDMENT TO THE UNITED STATES CONSTITUTION AND PURSUANT TO 42 U.S.C. § 1983 AGAINST ALL DEFENDANTS

67.     Plaintiffs hereby incorporate, in their entirety, paragraphs 1 - 66 as if set forth fully herein.

68.     Pursuant to the Eighth Amendment to the United States Constitution, Mrs. White, an inmate at Silverdale, had a constitutional right to be free from cruel and unusual punishment during her confinement, including a right to be provided with adequate medical care and humane living conditions.

69.     Defendants Hamilton County and Sheriff Hammond were responsible for Mrs. White's well-being as the contracting government agency responsible for overseeing and monitoring Silverdale.

70.     Defendant QCHC was a contractor performing a state function by providing for the healthcare and well-being of Silverdale inmates, including Carol White in May 2022.

71.     Mrs. White did not have the ability to obtain medical treatment on her own or to provide for her own well-being. Therefore, each of the Defendants were under a constitutional and statutory duty to provide Mrs. White with basic necessities of life which include, but are not limited to, food, shelter, and proper medical care.

72.     Defendants' acts and omissions, as alleged more specifically herein, breached this constitutional duty and violated Mrs. White's clearly established rights under the Eighth and Fourteenth Amendments to the United States Constitution, as the defendants were deliberately, consciously and intentionally indifferent and callous toward Mrs. White's obvious and serious medical needs.

73. When Mrs. White was taken into custody on May 11, 2022, the Defendants were on notice of her medical conditions which required daily prescription medication at specific dosages. This notice was further communicated to the Defendants when Judge Greenholtz entered the Custody Order requiring the specific medications to be administered in accordance with the Order. Further, Judge Greenholtz allowed Mrs. White to bring her medications with her to Silverdale and included those medications in a sealed evidence bag upon her detention.

74. The Defendants consciously disregarded and ignored Mrs. White's prescribed treatment plan and Judge Greenholtz's Order requiring the daily administration of necessary medication to Mrs. White as a condition of her confinement. The Defendants possessed knowledge of this requirement, possessed the actual medication to administer to Mrs. White and refused to administer that medication as ordered.

75. Defendants, who possessed specific knowledge of Decedent's serious medical needs and the need for daily prescribed medication, had a constitutional duty under the Eighth and Fourteenth Amendments to provide needed medical care to Carol White at Silverdale, in conformity with the standards for delivery of such medical care in the State of Tennessee.

76. The Defendants knew or should have known that if Mrs. White did not receive her medication as her medical providers had prescribed, that she would be at substantial risk of serious bodily harm or death. Moreover, the Defendants knew or should have known that if Mrs. White was not given the exact medication as prescribed, that she would be at substantial risk of serious bodily harm or death.

77. Despite this knowledge, the Defendants disregarded the substantial risk to Mrs. White's health and failed to take reasonable measures to ensure that she continued to receive accurate and necessary medication pursuant to her doctors' orders. Further, Defendants have

17

established policies, customs and practice which are the moving force behind the Defendants' inability to provide adequate housing and medical care for its inmates.

78.     Defendants, knowing of Mrs. White's serious medical needs and knowing also of the inadequacies and deficiencies in Silverdale's medical facilities, lack of training, lack of supervision, improper staffing and procedures at Silverdale, had a constitutional duty to establish and implement policies, practices, customs and procedures designed to assure that Mrs. White received medical care and treatment in conformity with the standards of delivery of such medical care and treatment in the State of Tennessee.

79.     Hamilton County, Sheriff Hammond, and their contracted medical provider QCHC, knowing the substantial risk of harm to Mrs. White, had a constitutional duty to instruct, supervise, and train their employees and agents to ensure the delivery of medical care to Mrs. White consistent with the standards of medical care in the State of Tennessee, and have acted deliberately, indifferently and intentionally in violation of the Eighth and Fourteenth Amendments.

80.     Defendants Hamilton County and Sheriff Jim Hammond are under a constitutional duty to ensure that their jails, prisons, and other correctional facilities, including Silverdale, are operated in a lawful manner, preserving to prisoners the rights, privileges and immunities guaranteed to them by the Constitution and laws of the United States of America and the State of Tennessee.  Clearly, their acts and omissions have violated those constitutional duties.

81.     Carol White died as a direct and proximate result of the Defendants' acts and omissions in violation of her constitutional rights.   She suffered immense physical and psychological pain before her eventual death.  Plaintiff is entitled to recover damages on behalf of Carol White.

## COUNT II

## 42 U.S.C. § 1983--*MONELL* LIABILITY AGAINST HAMILTON COUNTY, SHERIFF JIM HAMMOND & QCHC

82.     Plaintiffs hereby incorporate, in their entirety, paragraphs 1-81 as contained in this Complaint and by reference make said paragraphs a part hereof as if fully set forth herein.

83.     Hamilton County – through the decisions of its policymaker Sheriff Hammond – was directly responsible for the deprivation of Mrs. White's constitutional rights as described herein and is thus subject to liability under 42 U.S.C. §1983.  *Monell v. Dep't of Social Serv. Of New York*, 436 U.S. 658, 691 (1978).

84.     Defendant Hamilton County permitted, encouraged, tolerated and/or knowingly acquiesced in an official pattern, policy, custom or practice of Defendants' employees, agents and contractors violated the following constitutional rights of Mrs. White:

a) freedom from cruel and unusual punishment;

b) freedom from deprivation of life and liberty without due process of law;

c) freedom from confinement without the provision for adequate medical care and treatment;

d) freedom from arbitrary government action which is so outrageous as to shock the conscience of a civilized society; and

e) freedom from intentional discrimination on the basis of physical and mental impairment.

85.     Defendants are directly liable for the violation of Mrs. White's civil rights due to the following policies, practices or customs of defendants which were in effect at the time of this incident and which were the underlying cause of Decedent's injuries, damages, and death:

a)      Defendants Hamilton County, Sheriff Hammond and the contracted medical provider, QCHC, failed to adequately and properly train and educate their employees,

19

agents and contractors with respect to the proper care and treatment of inmates, responding to medical complaints of inmates, evaluating medical complaints of inmates, seeking emergency medical treatment for inmates, providing treatment for addicts who are sick, recognizing when someone regularly on prescription medication requires additional treatment while suffering from medication withdrawal, all with deliberate and reckless disregard for the welfare of inmates, including Mrs. White;

b)      Defendants Hamilton County, Sheriff Hammond, and the contracted medical provider, QCHC, failed to adequately monitor, supervise and evaluate the performance of their agents, employees and contractors with respect to the proper care and treatment of inmates, responding to medical complaints of inmates, evaluating medical complaints of inmates, seeking emergency medical treatment for inmates, with deliberate indifference and reckless disregard for the welfare of inmates, including Decedent;

c)      Defendants Hamilton County, Sheriff Jim Hammond, and QCHC failed to properly fund and staff Silverdale to ensure that an appropriate number of licensed, trained and qualified medical professionals are present to provide proper medical treatment to inmates, with deliberate indifference and reckless disregard to the welfare of inmates, including Decedent. These policies, customs, and practices were the moving force behind the constitutional violations against Mrs. White.

d)      Defendants Hamilton County, Sheriff Hammond, and QCHC have established official policies and procedures and allowed customs that result in a delay of timely and needed medical care for inmates with serious medical needs when the need for such medical care conflicts with routine "counts" and security "codes" at Silverdale, when necessary prescription medication is outside of Silverdale's "policies" to administer, and

have acted with deliberate indifference and reckless disregard to inmates, including Mrs. White. These policies, customs, and practices were the moving force behind the constitutional violations against Mrs. White.

e)     Defendants Hamilton County, Sheriff Hammond, and QCHC have established official policies and procedures about prescription medication that create substantial risks of harm to the inmates requiring said medication. Their policies do not address situations where inmates need essential medication, are not permitted to bring medication to Silverdale, and the medication is otherwise unavailable to Silverdale. These policies, customs, and practices were the moving force behind the constitutional violations against Mrs. White.

f)     Defendants Hamilton County and Sheriff Hammond have designated final decision-making for medical decisions to the QCHC Medical Director on staff at Silverdale. Thus, any QCHC policies, customs or practices that directly and proximately caused the death of Mrs. White are considered policies of Hamilton County.

86.     Defendants Hamilton County, Sheriff Hammond, and their contracted medical provider, QCHC, have maintained and exhibited a pattern, practice, custom, and policy of deliberate indifference to the serious medical needs of inmates, which was the motivating force behind Decedent's deprivation of constitutional rights under the Eighth and Fourteenth Amendments and, accordingly, Plaintiff is entitled to recover from Defendants on behalf of her deceased daughter, Carol White.

87.     Defendants' actions and omissions alleged herein were consciously, deliberately, and intentionally indifferent to the serious medical needs of Mrs. White and were the result of policies, customs and practices that violate the constitutional rights of inmates at Silverdale. As a

direct and proximate cause of this indifference, Mrs. White suffered serious physical trauma, pain and ultimately died as a direct and proximate result of Defendants' actions, inactions, and omissions. Plaintiffs are entitled to recover damages on behalf of Carol White.

<u>**COUNT III**</u>

<u>**TENNESSEE CONSTITUTIONAL CLAIMS UNDER ARTICLE 1, §§ 16 and 32 AGAINST ALL DEFENDANTS**</u>

88.     Plaintiffs hereby incorporate, in their entirety, paragraphs 1-87 as contained in this Complaint and by reference make said paragraphs a part hereof as if fully set forth herein.

89.     Article I, §16, provides that no cruel or unusual punishment shall be inflicted and Article I, §32, of the Tennessee Constitution requires "the humane treatment of prisoners."

90.     While Plaintiffs have alleged in Counts I and II that the conduct of Defendants violated Mrs. White's Federal Constitutional rights, Plaintiffs further allege that the same conduct violated Mrs. White's rights under §§16 & 32 of the Tennessee Constitution and adopt and incorporate herein those same allegations and same standards.

91.     At all material times, these Defendants, their employees, agents and contractors were performing a traditional governmental function in operating a correctional facility and were state actors.    All the actions and omissions of the Defendants and their employees, agents and contractors, as alleged herein, were performed under color of state law.

92.     The Tennessee Constitution, Article 1, §§ 16 & 32 mandates that the Hamilton County, Sheriff Hammond, and QCHC Defendants provide Carol White with the basic necessities of life which include, but are not limited to, food, shelter, and proper medical care while she was an inmate at Silverdale in May, 2022.

93.     Defendants' acts and omissions, as alleged more specifically herein, breached this constitutional duty and violated Mrs. White's clearly established rights under §§ 16 & 32 of the

Tennessee Constitution, as the Defendants were deliberately, consciously and intentionally indifferent and callous toward Mrs. White's obvious and serious medical needs.

94.     Defendants permitted, encouraged, tolerated and/or knowingly acquiesced in an official pattern, policy, custom or practice of Defendants' employees, agents and contractors violating the constitutional rights of inmates, including Mrs. White. The actions or inactions of Defendants, and other agents, employees and contractors of Hamilton County, Tennessee complained of herein, were unjustified, unreasonable and unconstitutional, and constituted a violation of Decedent's clearly established rights, privileges and immunities guaranteed by Article 1, §§ 16 & 32 of the Tennessee Constitution which include, but are not limited to, the following:

a)  freedom from cruel and unusual punishment;

b)  freedom from confinement without the provision for adequate medical care and treatment.

95.     Defendants are directly liable for the violation of Decedent's civil rights due to the following policies, practices or customs of defendants which were in effect at the time of this incident and which were the underlying cause of Decedent's injuries, damages, and death:

a)       Defendants Hamilton County, Sheriff Hammond, and QCHC failed to adequately and properly train and educate their employees, agents and contractors with respect to the proper care and treatment of inmates, responding to medical complaints of inmates, evaluating medical complaints of inmates, seeking emergency medical treatment for inmates, providing treatment for addicts who are sick, recognizing when a drug user requires additional treatment while suffering from withdrawal, all with deliberate and reckless disregard for the welfare of inmates, including Decedent;

b)      Defendants Hamilton County, Sheriff Hammond, and QCHC failed to adequately monitor, supervise and evaluate the performance of their agents, employees and contractors with respect to the proper care and treatment of inmates, responding to medical complaints of inmates, evaluating medical complaints of inmates, seeking emergency medical treatment for inmates, with deliberate indifference and reckless disregard for the welfare of inmates, including Decedent;

c)      Defendants Hamilton County, Sheriff Hammond, and QCHC failed to properly fund and staff Silverdale to ensure that an appropriate number of licensed, trained and qualified medical professionals are present to provide proper medical treatment to inmates, with deliberate indifference and reckless disregard to the welfare of inmates, including Decedent;

d)      Defendants Hamilton County, Sheriff Hammond, and QCHC have established official policies and procedures and allowed customs that result in a delay of timely and needed medical care for inmates with serious medical needs when the need for such medical care conflicts with routine "counts" and security "codes" at Silverdale Detention Facility, with deliberate indifference and reckless disregard to inmates, including Decedent.

e)      Defendants Hamilton County, Sheriff Hammond, and QCHC have established official policies and procedures about prescription medication that create substantial risks of harm to the inmates requiring said medication. Their policies do not address situations where inmates need essential medication, are not permitted to bring medication to Silverdale, and the medication is otherwise unavailable to Silverdale.

24

f)      Defendants Hamilton County and Sheriff Hammonds have designated final decision-making for medical decisions to the QCHC Medical Director on staff at Silverdale.  Thus, any QCHC policies, customs or practices that directly and proximately caused the death of Mrs. White are considered policies of Hamilton County.

96.     Alternatively, Defendants Hamilton County, Sheriff Hammond, and QCHC are liable for the actions of their employees, agents and contractors under the doctrines of agency, vicarious liability, employer-employee relations, master-servant, respondeat superior, joint venture, contract, and as a result of their non-delegable duty to comply with the Constitution and the laws of the United States and the State of Tennessee.

97.     Defendants' actions and omissions alleged herein were consciously, deliberately, and intentionally indifferent to the serious medical needs of Decedent.  As a direct and proximate cause of this indifference, Decedent suffered serious physical trauma and pain and ultimately died as a direct and proximate result of Defendants' actions, inactions, and omissions.  Plaintiff is entitled to recover damages on behalf of Carol White.

## COUNT IV

## NEGLIGENCE *PER SE*—VIOLATIONS OF T.C.A. §§ 41-21-201 & 204 AGAINST HAMILTON COUNTY AND SHERIFF HAMMOND

98.     Plaintiffs hereby incorporate, in their entirety, paragraphs 1-97 as contained in this Complaint and by reference make said Paragraphs a part hereof as if fully set forth herein.

99.     Tennessee Code Annotated § 41-21-201 states that "[t]he warden is charged with the duty of treating the prisoners with humanity and kindness, and protecting them from harsh and cruel treatment and overwork."  This section creates a duty for these Defendants which they clearly breached.  Plaintiff submits that Decedent was in the class of persons that this statute was designed to protect.

25

100.    Tennessee Code Annotated § 41-21-204 states, in relevant part, that "[a]ny inmate who is ill shall receive proper medical treatment." This statute creates a duty for Defendants which they clearly breached. Defendants denied Decedent proper medical treatment in direct violation of this statute. Plaintiffs submit, on Decedent's behalf, that Decedent was in the class of persons that this statute is designed to protect, as Decedent was at all times relevant herein in custody as an inmate at Silverdale.

101.    These Defendants, their employees, agents and contractors, by and through their acts and omissions as alleged in this complaint, violated both T.C.A. § 41-21-201 & 204 which constitutes negligence *per se*. These acts and/or omissions directly and proximately caused Carol White's injuries, pain and suffering and death.

102.    Plaintiffs assert that Hamilton County and Sheriff Hammond are guilty of negligence *per se* and committed negligent, reckless and wanton acts in direct violation of these statutes. Further, the violation of these statutes proximately caused injuries to Decedent and resulted in her untimely death. Plaintiffs, as next of kin and administrator *ad litem*, are entitled to recover damages on her behalf.

**COUNT V**

**NEGLIGENCE**
**AGAINST HAMILTON COUNTY AND SHERIFF HAMMOND**

103.    Plaintiffs hereby incorporate, in their entirety, paragraphs 1-102 as contained in this Complaint and by reference make said Paragraphs a part hereof as if fully set forth herein.

104.    While Plaintiffs have alleged that the acts and omissions set forth herein violated Decedent's constitutional rights, Plaintiffs further plead that the conduct alleged herein constitutes negligence under the laws of the State of Tennessee. This claim for negligence does not involve a decision, act or omission based on medical science or specialized training or skill. The acts or

omissions complained of herein may be assessed by the trier of fact based on common, everyday experiences. The acts or omissions complained of herein involve custodial neglect and not medical malpractice.

105. Defendants owed a duty to inmates in their custody to provide custodial care, treatment and services within accepted custodial standards of jails, prisons, and other correctional facilities, including Silverdale. Defendants Hamilton County and Sheriff Hammond owed a duty to the inmates in their custody to hire, train, supervise and provide a sufficient number of employees to deliver sufficient custodial care and services to prisoners in a safe and adequate manner at Silverdale.

106. Each of the Defendants breached the duties owed to prisoners in their custody and were negligent in their ordinary care and treatment of Carol White, by and through their acts or omissions, which were within the understanding of an ordinary lay person and did not require medical training, assessment or diagnosis including, but not limited to, the following:

a) Failure to follow the court order by Judge Greenholtz to ensure the prescribed medication was administered to the Decedent;

b) Failure to aid and assist Mrs. White when she was clearly suffering and in pain in the days leading up to her untimely death;

c) Failure to provide adequate supervision and oversight to non-licensed personnel to ensure that Decedent received adequate and proper care;

d) Failure to provide adequate training and supervision of nonmedical staff to comply with their duties and the health care plans and/or medical orders of inmates;

e) Failure by the members of the governing body of Hamilton County to comply with and/or discharge their legal and lawful obligations by:

(1) ensuring that the rules and regulations designed to protect the health and safety of inmates as promulgated by the Tennessee Legislature were consistently complied with on an ongoing basis;

(2) ensuring that the prisoner medical care policies for the facility were consistently in compliance on an ongoing basis; and

(3) ensuring that Judge Greenholtz's Order for the administration of necessary prescription medication was followed.

f) Failure to provide basic and necessary nonmedical care and supervision during Decedent's incarceration; and

g) Failure to protect Decedent from abuse and neglect during her incarceration.

107.   The breach of these duties, both singularly or in combination, directly and proximately caused the Decedent's injuries, pain, suffering, and death.

108.   As a direct and proximate result of the aforementioned negligence, Decedent suffered mental anguish, pain and suffering, and physical injuries and, ultimately, death.  Plaintiffs are entitled to recover damages on behalf of Carol White.

## COUNT VI

## WRONGFUL DEATH
## AGAINST ALL DEFENDANTS

109.   Plaintiffs hereby incorporate, in their entirety, paragraphs 1-108 as contained in this Complaint and by reference make said Paragraphs a part hereof as if fully set forth herein.

110.   Tennessee Code Annotated § 20-5-106 provides in pertinent part that "[t]he right of action that a person who dies from injuries received from another, or whose death is caused by the wrongful act, omission, or killing by another, would have had against the wrongdoer, in case

death had not ensued, shall not abate or be extinguished by the person's death but shall pass to the person's surviving ... next of kin; [or] to the person's personal representative."

111. As a direct and proximate cause of the actions and omissions by all Defendants, Carol Rene White suffered tremendous physical pain and suffering, mental anguish, and died at the hands of the Defendants.

112. Plaintiffs James White as next of kin and Andrea White, as the representative of the Estate of Carol White, Decedent, are therefore entitled to any and all forms of relief that this honorable Court and/or a jury determine are appropriate.

## COUNT VII

## LOSS OF CONSORTIUM
## AGAINST ALL DEFENDANTS

113. Each of the factual allegations contained in Paragraphs 1-112 are adopted and incorporated herein by reference.

114. Plaintiff James Christopher White brings this cause of action for loss of consortium pursuant to T.C.A. § 25-1-106 which provides a right to recover for loss of consortium where damages are proved by a spouse.

115. Plaintiff James Christopher White and Carol White are legally married in the State of Tennessee.

116. As a direct and proximate cause of the actions and omissions by all Defendants, Carol Rene White suffered tremendous physical pain and suffering, mental anguish, and died at the hands of the Defendants.

117. Plaintiff James Christopher White has loss of consortium damages including the loss the enjoyment of his wife and has incurred damages as a direct, proximate and foreseeable result of the Defendants' misconduct and constitutional violations as well as negligent treatment.

29

118. Plaintiff James Christopher White is entitled to loss of consortium damages pursuant to T.C.A. § 25-1-106 for the loss of consortium of her spouse.

## COUNT VIII

## PUNITIVE DAMAGES
## AGAINST ALL DEFENDANTS

119. Plaintiffs hereby incorporate, in their entirety, paragraphs 1-118 as contained in this Complaint and by reference make said Paragraphs a part hereof as if fully set forth herein.

120. The actions and omissions of Defendants, including but not limited to Hamilton County, Sheriff Hammond, QCHC, and their employees, agents and contractors complained of herein, as well as the individual Defendants were unlawful, shocking to the conscience, unconstitutional, and performed maliciously, recklessly, fraudulently, sadistically, intentionally, willfully, wantonly, and in such a manner as to entitle Plaintiffs to a substantial award of punitive damages.

## DAMAGES

121. Plaintiffs hereby incorporate, in their entirety, paragraphs 1-120 as contained in this Complaint and by reference make said Paragraphs a part hereof as if fully set forth herein.

122. As a direct and proximate result of the acts and omissions of Defendants, Decedent Carol White's constitutional rights were violated and she died. The injuries and damages for which Plaintiffs, as next of kin and administrator *ad litem* for Mrs. White's estate, seeks compensation from Defendants, both jointly and severally, under both state and federal law, include, but are not limited to, the following:

a. Physical pain and suffering;

b. Emotional pain and suffering;

c. Loss of enjoyment of life;

d.  The pecuniary value of the life of Carol White;

e.  Fright, shock, anxiety, and humiliation;

f.  Permanent injuries resulting in the death of Decedent;

g.  Punitive damages;

h.  Pre- and post-judgment interest;

i.  Statutory and discretionary costs;

j.  Loss of consortium damages on behalf of Plaintiff James Christopher White;

k.  Attorney's fees and both discretionary and non-discretionary costs pursuant to 42 U.S.C. §1988;

l.  All such further relief, both general and specific, to which she may be entitled under the premises.

**WHEREFORE PREMISES CONSIDERED**, the Plaintiffs pray for the following:

1.  That this Complaint be served on the Defendants and that they be required to file an Answer within the time period prescribed by law;

2.  That a jury be empaneled to try the issues herein;

3.  That a jury award damages to the Plaintiffs in the amount of ten million dollars ($10,000,000.00);

4.  That a jury award punitive damages to the Plaintiffs in the amount of ten million dollars ($10,000,000);

5.  That a jury and/or the Court award the Plaintiffs all reasonable costs, both discretionary and non-discretionary, pre-judgment and post-judgment interest and attorney fees;

6.  Any further and general relief to which the Plaintiffs are entitled in the premises.

31

Respectfully submitted,

**DAVIS & HOSS, P.C.**


By: _s/Janie Parks Varnell_____
     Janie Parks Varnell, TN BPR #031256
     Bryan H. Hoss, TN BPR #021529
     850 Fort Wood Street
     Chattanooga, TN 37403
     (423) 266-0605
     (423) 266-0687—FAX
     janie@davis-hoss.com
     bryan@davis-hoss.com